UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARTFORD FIRE INSURANCE CO.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VISTA CONTRACTING, INC., et al.**<br><br>**Defendants.** | Civil Action No. 16-285 (JDB) |

## MEMORANDUM OPINION

Plaintiff Hartford Fire Insurance Co. (Hartford) files this motion for default judgment under Federal Rule of Civil Procedure 55(b)(2) against Vista Contracting, Inc., in this breach of contract case. After Vista Contracting failed to appear or in any way respond to plaintiff's complaint, the clerk entered default under Federal Rule of Civil Procedure 55(a). Given that Vista has not appeared or given any indication that it intends to defend against this suit, the Court will grant plaintiff's motion and award damages in the amount of $131,233.06.

## BACKGROUND

The following facts are according to Hartford's complaint, and are taken as true for the purposes of liability. See Thomson v. Wooster, 114 U.S. 104, 111 (1885) (plaintiff's claims taken as true after entry of default); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (same). Hartford is an insurance company that underwrote surety bonds for Vista, a general contractor. Compl. [ECF No. 1] ¶ 4. Vista and its owner, Stjepan Sostaric, and his then-spouse, Nancy Sostaric, each entered into General Indemnity Agreements with Hartford in exchange for the surety bonds. Id. ¶¶ 6–7. The Indemnity Agreements required that the indemnitors (that is, Vista, Stjepan, and Nancy) "indemnify, exonerate and hold Hartford harmless

1

from and against all Loss, claims, demands, liabilities, suits and causes of action which are in any way related to any Underwriting activities, Bonds or this Agreement." Gen. Indem. Agreement [ECF No. 1-1] ¶ 5; Compl. ¶ 13.  The Agreement defines "Loss" as

> all manner of losses, costs, expenses or fees of any kind . . . which are paid . . . by Hartford as a result of or in any way relating to the entering into and enforcement of this Agreement or the Underwriting of any Bonds.  Loss shall include, without limitation, any and all expenditure relating to Hartford's financial investigations, claim investigations, claim payments, payments to discharge liability and Bond related litigation of any nature[.]

Gen. Indem. Agreement ¶ 1(e).  The Agreement also states that all indemnitors are jointly and severally liable.  Id. ¶ 14.

Hartford is incorporated in Connecticut, with its principal place of business there as well. Compl. ¶ 4.  Vista is incorporated in the District of Columbia, with its principal place of business in Virginia.  Id. ¶ 5.  Stjepan is a resident of Virginia.  Id. ¶ 6.  Nancy is a resident of the District of Columbia.  Id. ¶ 7.

Vista was awarded one construction contract with the Bureau of Engraving and Printing and another with Virginia Railway Express.  Id. ¶¶ 19, 21.  Hartford furnished Vista with performance bonds for both of these contracts.  Id.  At the time the complaint was first filed in February 2016, Hartford had incurred $111,389 in losses related to the bonds on those projects, and estimated it would incur another $76,979.  Id. ¶¶ 58, 59.  Hartford failed in its attempts to collect this amount from the indemnitors, and therefore initiated this action.  Id. ¶¶ 48–53.

This complaint was filed and properly served on the defendants in February 2016.  Stjepan timely answered the complaint and continues to defend against these claims.  See Stjepan's Ans. [ECF No. 5].  Nancy filed an answer and informed the Court and plaintiff of her ongoing bankruptcy proceedings.  See Nancy's Ans. [ECF No. 10].  Vista, however, did not answer the complaint or otherwise communicate with plaintiff or the Court.  Hartford then moved for entry

of default by the clerk under Rule 55(a) and entry of default judgment by the court under 55(b)(2). See Default Mot. [ECF No. 9]. The clerk entered default on April 5, 2016. See Entry of Default [ECF No. 11].

In August 2016, Hartford filed a supplemental brief in support of its motion for default judgment, updating Vista's liability amount: Hartford states that Vista is liable for $131,233.06 plus interest and attorney's fees. See Supp. to Default Mot. [ECF No. 15] ¶ 13. Hartford states that it has "paid $343,109.63 to resolve various claims made on the payment bonds" issued for the two construction projects. Id. ¶ 12(b). It recovered $250,701.34 in contract payment to offset that amount. Id. ¶ 12(c). Hartford asserts that it further incurred $7,321.12 in legal expenses regarding a suit from another company on one of Vista's projects, and $31,503.66 in legal expenses pursuing recovery from the indemnitors, as of July 31, 2016. Id. ¶ 12(d), (e). Thus, according to Hartford, Vista is liable for $131,233.06 plus interest and attorney's fees since that date. Id. ¶ 13.

## DISCUSSION

### A. Liability

Federal Rule of Civil Procedure 55(a) provides that a clerk of the court must enter default when "a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk has entered default, the court may enter a default judgment under Rule 55(b)(2). Although default judgments are disfavored, they are appropriate when a party has entirely failed to defend against a complaint. See Jackson v. Beech, 636 F.2d 831, 835–36 (D.C. Cir. 1980). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing Jackson, 636 F.2d at 836). Once default is entered by the

clerk, the court assumes that all allegations in the well-pleaded complaint are true for the purpose of determining whether to enter default judgment. See Thomson, 114 U.S. at 111; Mickalis Pawn Shop, LLC, 645 F.3d at 137.

Here, Vista has been entirely unresponsive to the complaint. It has not filed any answer in court, nor has it informally reached out to the plaintiff. Cf. H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam) (discussing the additional notice requirements that might be applicable to a defendant who does not respond to a complaint but who does communicate with the plaintiff indicating an intent to defend against the suit). Moreover, the allegations of the complaint, if taken as true, are sufficient to establish Vista's liability. Hartford alleges that Vista was contractually obligated to indemnify Hartford against any claims on the bonds, and that Vista failed to do so after Hartford made a proper request. See generally Compl. Hence, default judgment is proper. See H.F. Livermore Corp., 432 F.2d at 691; Serv. Emps. Int'l Union Nat'l Pension Fund v. Glenn's Bldg. Servs., Inc., CA No. 14-1942 (JDB), 2016 WL 1452328, at *1 (D.D.C. Apr. 13, 2016).

## B. Damages

Entering default judgment establishes Vista's liability, but it does not address the proper amount of damages. The Court has an obligation to assess damages independently. See SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975); Serv. Emps. Int'l Union v. Glenn's Bldg. Servs., Inc., CA No. 14-1942 (JDB), 2016 WL 4132192, at *1 (D.D.C. Aug. 3, 2016). The Court may rely on affidavits or documentary evidence, and need not hold a hearing to determine the proper amount. Serv. Emps. Int'l Union, 2016 WL 4132192, at *1; see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Furthermore, the Court may enter default judgment against one defendant and not others, as long as the nature of

the claim is not such that "as a matter of law, no one defendant may be liable unless all defendants are liable." Carter v. District of Columbia, 795 F.2d 116, 137 (D.C. Cir. 1986) (quoting 6 J. Moore, Moore's Federal Practice ¶ 55.06, at 55–38 to 55–39 (2d ed. 1985)); see also Frow v. De La Vega, 82 U.S. (15 Wall) 552 (1872) (declining to enter default judgment against one defendant in joint conspiracy suit).

Here, Hartford has presented a declaration from the manager of its Bond Claims Department attesting to the amount it paid on each of the Vista bonds. See Thomas Decl. [ECF No. 15-1]. It also presents a copy of the projects' accounting documents reflecting those same payments. See Virginia Railway Express Account [ECF No. 15-2, Ex. 2]; Bureau of Engraving and Printing Account [ECF No. 15-2, Ex. 3]. In addition, Hartford provides numerous other bank records, affidavits, and settlement agreements supporting each element of the claimed amount. See Supp. to Default Mot., Exhibits [ECF No. 15-2, Exs. 4–19]. Finally, it presents invoices for the legal expenses it incurred litigating other claims on the bonds and this claim against the indemnitors. See Supp. to Default Mot. Exhibits [ECF No. 15-2, Exs. 15–24]. This evidence is sufficient to support a determination that Vista is liable for the $131,233.06 (as of July 31, 2016) that Hartford requests. See Flynn v. Jocanz, Inc., 480 F. Supp. 2d 218, 220 (D.D.C. 2007).

## CONCLUSION

For these reasons, Hartford's motion for entry of default judgment against defendant Vista Contracting will be granted and defendant Vista Contracting will be ordered to pay damages in the amount of $131,233.06. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: November 22, 2016